# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Larry M. Banks,<br><br>    Plaintiff,<br><br>v.<br><br>Albertsons Deal and Delivery; and Vivek Sankaran,<br><br>    Defendants. | Case No. 2:23-cv-01629-GMN-DJA<br><br>**Order** |

Under 28 U.S.C. § 1915 Plaintiff is proceeding in this action *pro se* and has requested authority to proceed *in forma pauperis*. (ECF No. 3). Plaintiff also submitted a complaint. (ECF No. 1-1). Because the Court finds that Plaintiff's application is complete, it grants his application to proceed *in forma pauperis*. The Court also screens Plaintiff's complaint.

**I.**  ***In forma pauperis* application.**

Plaintiff filed the affidavit required by § 1915(a). (ECF No. 3). Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted under 28 U.S.C. § 1915(a). The Court will now review Plaintiff's complaint.

**II.**  **Screening the complaint.**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the

complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly*, 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Under 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law. *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002). Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under 28 U.S.C. § 1332(a), federal

district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states." Generally speaking, diversity jurisdiction exists only where there is "complete diversity" among the parties; each of the plaintiffs must be a citizen of a different state than each of the defendants. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

### ***A.    Plaintiff's allegations.***

Plaintiff sues Albertson's Deal and Delivery ("Albertson's") and Vivek Sankaran,[1] an individual. Plaintiff alleges that on September 4, 2023 he was shopping at Albertson's in Las Vegas with his girlfriend and two children. Plaintiff asserts that employees followed them around the store, told them that they had too many items for the checkout lane, and told Plaintiff's girlfriend that "if you don't like what I'm saying you could leave." Plaintiff asserts that an employee named Albert began helping them. Plaintiff called the store afterwards to complain and spoke with Albert who told Plaintiff that the store employees were making up policies to discriminate against African Americans.

Plaintiff returned to the store on September 11, 2023 to give the manager a preservation of evidence notice. However, the manager became disrespectful and accused Plaintiff of threatening her. Plaintiff informed the manager that racial discrimination is against the law, to which the manager responded that Black people did not have rights in Las Vegas.

Plaintiff asserts that he is bringing his claim under 24 U.S.C. § 1981. 42 U.S.C. § 1981 ("§ 1981") provides that all persons "shall have the same right ... to make and enforce contracts" without respect to race. 42 U.S.C. § 1981(a). "[T]he term 'make and enforce contracts' includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." *Id.* § 1981(b). To state a prima facie case of discrimination under § 1981, a plaintiff must show: (1) he is a member of a protected class; (2) he attempted to contract for certain services; (3) he was denied the right to

---

[1] Other than naming Vivek Sankaran as a defendant, Plaintiff does not allege any facts about Sankaran. Plaintiff does not explain how Sankaran was involved in the events he describes or how Sankaran is connected with Albertsons Deal and Delivery.

contract for those services; and (4) other similarly situated individuals, who are not members of a protected class, were able to contract for those services. *See Lindsey v. SLT L.A., LLC*, 447 F.3d 1138, 1145 (9th Cir. 2006); *see also Ford v. Surprise Family Urgent Care Ctr., LLC*, 550 F. App'x 467 (9th Cir. 2013), *cert. denied*, 135 S. Ct. 1411 (2015). "To prevail [under § 1981], a plaintiff must initially plead and ultimately prove that, but for race, it would not have suffered the loss of a legally protected right." *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 140 S. Ct. 1009, 1019 (2020).

Here, Plaintiff has not stated a prima facie case for discrimination under § 1981 because he has not alleged that he attempted to contract for certain services with Albertson's. Nor has he alleged that he was denied the right to contract for services or that other similarly situated individuals were able to contract for those services. The Court thus dismisses Plaintiff's complaint without prejudice and with leave to amend.

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is **granted.** Plaintiff shall not be required to pre-pay the filing fee. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to file Plaintiff's complaint (ECF No. 1-1) on the docket but shall not issue summons.

**IT IS FURTHER ORDERED** that Plaintiff's complaint is dismissed without prejudice and with leave to amend.

**IT IS FURTHER ORDERED** that Plaintiff shall have until **January 26, 2024** to file an amended complaint to the extent he believes he can correct the noted deficiencies. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) to make the amended complaint complete. This is because, generally, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires

that an amended complaint be complete without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

DATED: December 27, 2023

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE