# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Larry M. Banks, | Case No. 2:23-cv-01629-GMN-DJA |
| Plaintiff, | |
| v. | Order |
| Albertsons Deal and Delivery; and Vivek Sankaran, | |
| Defendants. | |

Before the Court is Plaintiff Larry M. Banks' first amended complaint. (ECF No. 6). Plaintiff's first amended complaint does not state a claim upon which relief can be granted. The Court thus dismisses Plaintiff's first amended complaint with leave to amend.

**I.    Legal standard.**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp.*

1  *v. Twombly*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual
2  allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the
3  elements of a cause of action."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v.*
4  *Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as true all well-pled factual allegations
5  contained in the complaint, but the same requirement does not apply to legal conclusions.  *Iqbal*,
6  556 U.S. at 679.  Mere recitals of the elements of a cause of action, supported only by conclusory
7  allegations, do not suffice.  *Id.* at 678.  Where the claims in the complaint have not crossed the
8  line from conceivable to plausible, the complaint should be dismissed.  *Twombly*, 550 U.S. at 570.
9  Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings
10 drafted by lawyers.  *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal
11 construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

12      Federal courts are courts of limited jurisdiction and possess only that power authorized by
13 the Constitution and statute.  *See Rasul v. Bush*, 542 U.S. 466, 489 (2004).  Under 28 U.S.C.
14 § 1331, federal courts have original jurisdiction over "all civil actions arising under the
15 Constitution, laws, or treaties of the United States."  Cases "arise under" federal law either when
16 federal law creates the cause of action or where the vindication of a right under state law
17 necessarily turns on the construction of federal law.  *Republican Party of Guam v. Gutierrez*, 277
18 F.3d 1086, 1088-89 (9th Cir. 2002).  Whether federal-question jurisdiction exists is based on the
19 "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a
20 federal question is presented on the face of the plaintiff's properly pleaded complaint."
21 *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Under 28 U.S.C. § 1332(a), federal
22 district courts have original jurisdiction over civil actions in diversity cases "where the matter in
23 controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of
24 different states."  Generally speaking, diversity jurisdiction exists only where there is "complete
25 diversity" among the parties; each of the plaintiffs must be a citizen of a different state than each
26 of the defendants.  *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

27
28

**II.    Discussion.**

Plaintiff sues Albertson's Deal and Delivery ("Albertson's") and Vivek Sankaran, an individual, for damages, injunctive, and declaratory relief. Plaintiff alleges that on September 4, 2023 he was shopping at Albertson's in Las Vegas with his girlfriend and two children. Plaintiff asserts that employees followed them around the store, told them that they had too many items for the checkout lane, and told Plaintiff's girlfriend that "if you don't like what I'm saying you could leave." Plaintiff asserts that an employee named Albert began helping them. Plaintiff called the store afterwards to complain and spoke with Albert who told Plaintiff that the store employees were making up policies to discriminate against African Americans.

Plaintiff returned to the store on September 11, 2023 to give the manager a preservation of evidence notice. However, the manager became disrespectful and accused Plaintiff of threatening her. Plaintiff informed the manager that racial discrimination is against the law, to which the manager responded that Black people do not have rights in Las Vegas.

Plaintiff asserts that he is bringing his claim under Title VI of the Civil Rights Act of 1964.[1] Title VI, 42 U.S.C. § 2000d *et seq.* ("Title VI"), provides that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." *Id.* § 2000d. This statute creates a private cause of action for claims of intentional discrimination. *Alexander v. Sandoval*, 532 U.S. 275, 279 (2001). To state a claim under Title VI, a plaintiff must allege that the entity involved is: (1) engaging in discrimination on a prohibited ground; and (2) receiving federal financial assistance. *Fobbs v.*

---

[1] Plaintiff also references "Title IX," apparently referencing Title IX of the Education Amendments of 1972. However, Title IX "explicitly confers a benefit on persons discriminated against on the basis of sex." *Cannon v. University of Chicago*, 441 U.S. 677, 694 (1979); 20 U.S.C. § 1681(a) ("[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance…"). Plaintiff does not explain his Title IX claim or allege any facts about discrimination on the basis of sex.

*Holy Cross Health Sys. Corp.*, 29 F.3d 1439, 1447 (9th Cir. 1994), *overruled on other grounds by Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131 (9th Cir. 2001).

Here, Plaintiff has not stated a prima facie case for discrimination under Title VI because, although he alleged Albertson's employees engaged in discrimination, he has not alleged that Albertson's is receiving federal financial assistance. Additionally, while Plaintiff names Vivek Sankaran as a defendant, Plaintiff's amended complaint still does not allege any facts about Sankaran. Plaintiff does not explain how Sankaran was involved in the events he describes or how Sankaran is connected with Albertson's Deal and Delivery. The Court thus dismisses Plaintiff's complaint without prejudice and with leave to amend.

**IT IS FURTHER ORDERED** that Plaintiff's first amended complaint (ECF No. 6) is **dismissed without prejudice and with leave to amend**.

**IT IS FURTHER ORDERED** that Plaintiff shall have until **May 20, 2024** to file an amended complaint to the extent he believes he can correct the noted deficiencies. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) to make the amended complaint complete. This is because, generally, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged. **Failure to comply with this order may result in a recommendation to the district judge that the case be dismissed.**

DATED: April 19, 2024

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE