UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Larry M. Banks,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>Albertsons Deal and Delivery; Vivek Sankaran; Jane Doe 1; Jane Doe 2; and Albert,<br><br>　　　　　Defendants. | Case No. 2:23-cv-01629-GMN-DJA<br><br>**Order** |

　　　Before the Court is Plaintiff Larry M. Banks' second amended complaint. (ECF No. 8). Plaintiff's second amended complaint as alleged against Albertsons Deal and Delivery ("Albertsons") passes screening. But his claims against the two Jane Doe Defendants, Defendant Albert, and Defendant Vivek Sankaran do not. The Court allows Plaintiff's complaint to proceed against Albertsons; dismisses his claims against Does, Albert, and Sankaran; and informs him about service.

**I.　　Legal standard.**

　　　Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

　　　Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule

1  12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d
2  719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of
3  the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp.
4  v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual
5  allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the
6  elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v.
7  Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations
8  contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*,
9  556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory
10  allegations, do not suffice. *Id.* at 678. Where the claims in the complaint have not crossed the
11  line from conceivable to plausible, the complaint should be dismissed. *Twombly*, 550 U.S. at 570.
12  Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings
13  drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal
14  construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

15      Federal courts are courts of limited jurisdiction and possess only that power authorized by
16  the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Under 28 U.S.C.
17  § 1331, federal courts have original jurisdiction over "all civil actions arising under the
18  Constitution, laws, or treaties of the United States." Cases "arise under" federal law either when
19  federal law creates the cause of action or where the vindication of a right under state law
20  necessarily turns on the construction of federal law. *Republican Party of Guam v. Gutierrez*, 277
21  F.3d 1086, 1088-89 (9th Cir. 2002). Whether federal-question jurisdiction exists is based on the
22  "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a
23  federal question is presented on the face of the plaintiff's properly pleaded complaint."
24  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under 28 U.S.C. § 1332(a), federal
25  district courts have original jurisdiction over civil actions in diversity cases "where the matter in
26  controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of
27  different states." Generally speaking, diversity jurisdiction exists only where there is "complete
28

diversity" among the parties; each of the plaintiffs must be a citizen of a different state than each of the defendants. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

**II.     Discussion.**

   ***A.     Factual and procedural background.***

Plaintiff sues Albertsons; Vivek Sankaran, an individual; Albert, an individual; and two Jane Doe defendants for damages and injunctive relief. (ECF No. 8). Plaintiff alleges that on September 4, 2023, he was shopping at Albertsons in Las Vegas with his girlfriend and two children. (*Id.* at 2). Plaintiff alleges that two female employees—who he names as Jane Doe defendants—began following them around the store and accusing his girlfriend of stealing. (*Id.* at 2-3).

Once Plaintiff and his family went to check out, the two Jane Doe employees approached them and informed them that Albertsons policy states they "cannot have over a certain amount of items." (*Id.*). Plaintiff asked to see the policy, but the Jane Doe defendants began shouting. (*Id.*). During the ordeal, Albert—another employee—approached and corrected the Jane Doe defendants. (*Id.*). Plaintiff and Albert then discussed their belief that the Jane Doe defendants were discriminating against Plaintiff and his family. (*Id.*).

Later, Plaintiff called Albertsons and spoke to Albert. (*Id.*). Plaintiff asked for the Jane Doe defendants' names, but Albert refused to give them to Plaintiff. (*Id.*). Albert then asked Defendant not to sue the Jane Doe defendants. (*Id.*). Plaintiff also asked Albert to show him the policy he had asked the Jane Doe defendants for. (*Id.*). Albert explained that there was no policy and that the Jane Doe defendants were making it up. (*Id.*).

In his first amended complaint, Plaintiff alleged that his claims arose under Title VI of the Civil Rights Act of 1964. (ECF No. 6). The Court dismissed those claims without prejudice, pointing out that to state a claim under Title VI, a plaintiff must allege that the entity involved is: (1) engaging in discrimination on a prohibited ground; and (2) receiving federal financial assistance. (ECF No. 7) (citing *Fobbs v. Holy Cross Health Sys. Corp.*, 29 F.3d 1439, 1447 (9th Cir. 1994), *overruled on other grounds by Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d

1131 (9th Cir. 2001)). The Court also pointed out that Plaintiff had not included any factual allegations about Defendant Vivek Sankaran. (*Id.*).

Plaintiff's second amended complaint again references Title IV as the legal basis for his claims[1] and adds certain factual allegations to establish that Albertsons is receiving Federal financial assistance. He added no facts regarding Sankaran's involvement. Plaintiff alleges that he is a resident of Illinois and receives food stamps through the Illinois Temporary Assistance for Needy Families Program ("TANF"). (ECF No. 8 at 2-3). He also alleges that Albertsons "administer[s] the [Electronic Benefits Transfer ("EBT")] program, is acting as an agency and thus subject to civil Rights [sic] laws" and references the Supplemental Nutrition Assistance Program ("SNAP"). (*Id.*). Plaintiff also asserts that Albertsons was required to establish a United

---

[1] Plaintiff also again references "Title IX," apparently referencing Title IX of the Education Amendments of 1972. But, as the Court explained previously, Title IX "explicitly confers a benefit on persons discriminated against on the basis of sex." *Cannon v. University of Chicago*, 441 U.S. 677, 694 (1979); 20 U.S.C. § 1681(a) ("[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance…"). Because Plaintiff does not explain his Title IX claim or allege any facts about discrimination on the basis of sex, the Court does not address his reference to this Title further.

Additionally, Plaintiff appears to indirectly reference Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a, et seq. (the "Public Accommodations Act"). That Act states that "[a]ll persons shall be entitled to full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation…without discrimination or segregation on the ground of race, color, religion, or national origin." 42 U.S.C. § 2000a. However, even if Plaintiff properly raised this claim, he did not assert that he has followed the proper procedures for doing so. This is because the statute provides that "[i]n the case of an alleged act or practice prohibited by this subchapter which occurs in a State, or a political subdivision of a State, which has a State or local law prohibiting such act or practice and establishing or authorizing a State or local authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, no civil action may be brought under subsection (a) before the expiration of thirty days after written notice of such alleged act or practice has been given to the appropriate State or local authority by registered mail or in person…" 42 U.S.C. § 2000a-3(c). Nevada has its own public accommodation antidiscrimination law, and the Nevada Equal Rights Commission ("NERC") has authority to grant relief from unlawful discrimination. NRS 651.070; NRS 651.110. Under 42 U.S.C. § 2000a-3, Plaintiff was required to file a complaint with the Nevada Equal Rights Commission. Plaintiff has not made this requisite showing.

States Department of Agriculture, Food and Nutrition Service permit to process EBT transactions. (*Id.* at 3-4).

### B. *Plaintiff's claim against Albertsons.*

Plaintiff has sufficiently alleged that, for the purposes of Title VI, Albertsons receives Federal financial aid. Title VI of the 1964 Civil Rights Act, 42 U.S.C. § 2000d, provides in pertinent part that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial aid." For the purposes of the Act, a "program or activity" means all of the operations of "an entire corporation, partnership, or other private organization, or an entire sole proprietorship" "if the assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole; or" "which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation." 42 U.S.C. § 2000d-4a(3).

As a preliminary matter, the Illinois TANF program is a state program run by the Illinois Department of Human Services. *See 586 – TANF Temporary Assistance for Needy Families*, ILLINOIS DEPARTMENT OF HUMAN SERVICES, https://www.dhs.state.il.us/page.aspx?item=49833 (last visited July 1, 2024) ("[t]he Temporary Assistance for Needy Families (TANF) program is run by the Illinois Department of Human Services"). So, it does not qualify as a federal program for the purposes of Title VI. SNAP, on the other hand, is a federal program. *See Rith v. United States*, No. 2:19-cv-01582-BJR, 2020 WL 7398750, at *1 (W.D. Wash. Dec. 17, 2020) (explaining that SNAP is administered by the Food and Nutrition Service, which is a division of the Federal Department of Agriculture). "SNAP operates similarly to a debit card, in which benefits are transferred to participants through an Electronic Benefits Transfer ('EBT') card." *Id.*

For the purposes of screening, the Court finds that Plaintiff has sufficiently alleged that Albertsons is a program or activity receiving Federal financial aid. So, for the purposes of

screening, his claims for discrimination under Title VI are actionable against Albertsons.[2]  And Plaintiff has alleged a colorable claim because he alleges that he was subjected to discrimination due to his race by Albertsons employees who applied certain made up policies to Black customers.

### C. *Plaintiff's claims against individual defendants.*

In his second amended complaint, Plaintiff adds the Jane Doe employees with whom he interacted in the Albertsons store and Albert as defendants.  He also names Vivek Sankaran.  However, Plaintiff has not identified the claims he brings against these individual defendants other than the Title VI claim he references in the introduction.  These claims would fail because the Jane Does, Albert, and Sankaran—because they are individuals—are not proper defendants for a Title VI claim.  *Wentworth v. California Connections Academy*, 2022 WL 1427157, at *3 (S.D. Cal. May 5, 2022).  And again, Plaintiff does not allege any facts regarding Sankaran that could state a claim.  The Court thus dismisses Plaintiff's claims against these defendants without prejudice and with leave to amend.

**IT IS FURTHER ORDERED** that Plaintiff's second amended complaint shall proceed on his Title VI claim against Albertsons.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Jane Doe 1, Jane Doe 2, Albert, and Vivek Sankaran are dismissed without prejudice and with leave to amend.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to do the following:

- Issue a summons for Albertsons Deal and Delivery and to send Plaintiff a copy of the issued summons.

---

[2] The Court has considered the United States Supreme Court's decision in *United States Department of Transportation v. Paralyzed Veterans of America*, 477 U.S. 597 (1986) and the Arizona District Court's decision in *Vasquez v. Smith's Food & Drug Centers, Inc.*, No. CV-14-2339-TUC-DCB, 2017 WL 1233840, at *5 (D. Ariz. Apr. 4, 2017).  However, while these decisions cast doubt on the ultimate success of Plaintiff's claim against Albertsons under Title VI, they do not necessarily foreclose them, particularly at the screening stage.

- Send Plaintiff a copy of this order.
- Send Plaintiff a copy of the Form USM-285.
- Send the United States Marshals Service ("USMS") a copy of Plaintiff's second amended complaint (ECF No. 8).

**IT IS FURTHER ORDERED** that on or before **August 2, 2024,** Plaintiff must do the following:

- Complete the summons he receives from the Clerk's Office.
- Complete the Form USM-285 he receives from the Clerk's Office.
- Send a copy of the completed summons and completed Form USM-285 to the USMS for service on Albertsons.

**IT IS FURTHER ORDERED** that, within twenty-one days after receiving a copy of the Form USM-285 back from the USMS showing whether service has been accomplished, Plaintiff must file a notice with the Court identifying the unserved defendant and specifying a more detailed name and/or address for said defendant or whether some other manner of service should be attempted.

**IT IS FURTHER ORDERED** that Plaintiff shall have until **October 7, 2024** to serve Albertsons. *See* Fed. R. Civ. P. 4(m).

DATED: July 8, 2024

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE