UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LARRY M. BANKS,<br><br>             Plaintiff,<br>vs.<br><br>ALBERTSON'S DEAL AND DELIVERY,<br><br>             Defendant. | Case No.: 2:23-cv-01629-GMN-DJA<br><br>**ORDER** |

Pending before the Court is the Motion for Default Judgment, (ECF No. 19), filed by Plaintiff Larry M. Banks. Also pending before the Court are the Motion to be Heard, (ECF No. 28), Motion to Compel the Court to Enforce Default Judgment, (ECF No. 30), and Motions for Status Update, (ECF Nos. 31, 32, 33).[1]

I. **BACKGROUND**

Plaintiff, proceeding pro se, filed this case against Albertson's Deal and Delivery in October 2023. After the Court dismissed his original Complaint and First Amended Complaint with leave to amend, (Orders, ECF Nos. 2, 7), the Court allowed Plaintiff's Second Amended Complaint to proceed on his Title VI claim against Albertson's, (Order, ECF No. 9). In that Order, the Court set a deadline of October 7, 2024 for Plaintiff to serve Albertson's. (*Id.*). Summons for Albertson's was returned executed on August 2, 2024. (Summons, ECF No. 12). Albertson's has not appeared in this case, and the Clerk has entered default as to Albertson's. (Clerk's Entry of Default, ECF No. 21). Plaintiff now moves for default judgment.

II. **DISCUSSION**

Obtaining default judgment is a two-step process governed by Rule 55 of the Federal

---

[1] Because the Court now rules on the pending Motion for Default Judgment, the Court DENIES all other pending Motions seeking an update on the Motion for Default Judgment as moot.

1  Rules of Civil Procedure ("FRCP"). *See Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986).
2  First, the moving party must seek an entry of default from the clerk of court. FRCP 55(a).
3  Entry of default is only appropriate when a party "has failed to plead or otherwise defend." *Id.*
4  After the clerk enters the default, a party must then separately seek entry of default judgment
5  from the court in accordance with Rule 55(b).  A court may set aside the clerk's entry of default
6  for good cause. Fed. R. Civ. P. 55(c).
7      "When entry of judgment is sought against a party who has failed to plead or otherwise
8  defend, a district court has an affirmative duty to look into its jurisdiction over both the subject
9  matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999).  "A federal court does not
10 have jurisdiction over a defendant unless the defendant has been served properly under [Federal
11 Rule of Civil Procedure 4]." *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*,
12 840 F.2d 685, 688 (9th Cir. 1988).
13     Federal Rule of Civil Procedure 4(h)(1)(B) authorizes a corporation, such as
14 Albertson's, to be served "by delivering a copy of the summons and of the complaint to an
15 officer, a managing or general agent, or any other agent authorized by appointment or by law to
16 receive service of process."  Nevada Civil Rule 4.2(c)(1)(A) similarly allows an entity or
17 association to be served by delivering a copy of the summons and complaint to "the registered
18 agent of the entity or association" or "any other agent authorized by appointment or by law to
19 receive service of process," among others.
20     Here, the U.S. Marshals Service served a copy of the summons and complaint on a
21 grocery manager at an Albertson's retail location. (Summons, ECF No. 12).  As discussed
22 above, Rule 4(h)(1)(B) requires plaintiff to serve either an officer or a managing or general
23 agent of a corporation. Fed. R. Civ. P. 4(h)(1)(b).  Generally, courts view these individuals as
24 employees who have some substantial responsibility for the affairs of the business entity. *See*
25 *Garabedian v. Griffin Steel & Supply Co.*, 340 F.2d 478, 479 (9th Cir. 1965) ("We believe

managing agent implies some real authority of decision, something broader than just soliciting."); *Bridgeport Music, Inc. v. Rhyme Syndicate Music*, 376 F.3d 615, 624 (6th Cir. 2004) ("A managing agent is one authorized to transact all business of a particular kind at a particular place and must be vested with powers of discretion rather than being under direct superior control."). The determination of whether a given individual is a "managing or general agent" depends on a factual analysis of that person's authority within the organization. *Direct Mail*, 840 F.2d at 688.

There is no evidence to support a finding that the grocery manager was authorized to accept service on Defendant's behalf. Retail store managers of a corporation Defendant's size are unlikely to have responsibilities that put them on par with officers who have "real authority of decision." *Garabedian*, 340 F.2d at 479. The grocery manager was also not designated as agent for service of process under Nevada Civil Rule of Procedure 4.2(c)(1)(A).[2] Without further evidence, the Court cannot find that the grocery manager was an agent authorized to receive service on behalf of Albertson's. Thus, Plaintiff's service on the grocery manager was insufficient and cannot support the granting of default judgment. Accordingly, the Court DENIES Plaintiff's Motion for Default judgment.

Here, no defendant has appeared to challenge the sufficiency of service, so Plaintiff has not had an opportunity to argue for an extension. The Court nevertheless finds that there is good cause for the Court to *sua sponte* extend the period for service in this case. Plaintiff did timely attempt service on Defendant and did not receive any prior indication that he should be concerned about the sufficiency of service. Additionally, Plaintiff's pro se status weighs in favor of finding good cause. *See Balistereri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (describing "a duty to ensure that pro se litigants do not lose their right to a hearing

---

[2] A corporation's designated agent for service of process in Nevada is publicly available on the Secretary of State website. *See* www.nvsos.gov, Business Entity Search.

on the merits of their claim due to ignorance of technical procedural requirements"). The Court therefore extends the deadline for service for an additional 90 days. And because Plaintiff is proceeding *in forma pauperis* (without paying the filing fee), he is entitled to rely on the United States Marshals Service ("USMS") for service. *See* Fed. R. Civ. P. 4(c)(3).

### III.  CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Default Judgment, (ECF No. 18), is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to be Heard, (ECF No. 28), Motion to Compel the Court to Enforce Default Judgment, (ECF No. 30), and Motions for Status Update, (ECF Nos. 31, 32, 33), are **DENIED at moot.**

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send the following to the USMS for service:

- The summons issued to Albertson's Deal & Delivery filed at ECF No. 10.
- A copy of Plaintiff's Second Amended Complaint filed at ECF No. 8.
- A copy of this Order.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send Plaintiff a copy of this Order and a copy of the Form USM-285.

**IT IS FURTHER ORDERED** that Plaintiff shall have until **March 5, 2025,** to complete the Form USM-285 and to send his completed form to the USMS.

**IT IS FURTHER ORDERED** that, within twenty-one days after receiving a copy of the Form USM-285 back from the USMS showing whether service has been accomplished, Plaintiff must file a notice with the Court identifying whether the defendant was served. If Plaintiff wishes to have service again attempted on an unserved defendant, the Plaintiff must file a motion with the Court identifying the unserved defendant and specifying a more detailed name and/or address for said defendant or whether some other manner of service should be attempted.

1 **IT IS FURTHER ORDERED** that Plaintiff shall have until **May 14, 2025,** to accomplish service. *See* Fed. R. Civ. P. 4(m).

Dated this __11_ day of February, 2025.

_____
Gloria M. Navarro, District Judge
United States District Court