UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LARRY M. BANKS,<br><br>                 Plaintiff,<br>  vs.<br><br>ALBERTSON'S DEAL AND DELIVERY,<br><br>                 Defendant. | Case No.: 2:23-cv-01629-GMN-DJA<br><br>**ORDER** |

      Pending before the Court are five motions filed by Plaintiff Larry M. Banks: Motion to Correct Order Pursuant to Federal Rules of Civil Procedure Rule 60(b)(1)(3), (ECF No. 35); Motion to Recuse Presiding Judge and Magistrate for Fraud on the Court, (ECF No. 36); Non-Party Request for Remote Access, (ECF No. 40); Motion for Hearing by Plaintiff Larry M. Banks, (ECF No. 44); and Motion to Vacate Void Orders Under Fed. R. Civ. P. 60(d)(4), (ECF No. 46). The Non-Party Request for Remote Access appears to be a request for a hearing; the Court therefore liberally construes it as a motion for a hearing. There are currently no pending motions that would require a hearing. The Court therefore DENIES both the Non-Party Request for Remote Access and the Motion for Hearing.

      Plaintiff's Motion to Correct Order, Motion to Recuse Presiding Judge and Magistrate for Fraud on the Court, and Motion to Vacate Void Orders all appear to take issue with the Court's denial of default judgment. The Motions seek recusal of the presiding judges and the vacatur of all orders after the Clerk's Entry of Default, (ECF No. 21). Plaintiff appears to argue that the Court has constructively nullified the Clerk's entry of default by evading granting default judgment. (*See generally* Mot. Vacate Void Orders, ECF No. 46). As the Court explained in its Order Denying Default Judgment, this Court does not have jurisdiction over Albertsons because it has not been properly served. (*See generally* Order Denying Default J.,

ECF No. 43). Because the Court does not have jurisdiction, it *cannot* grant default judgment against Albertsons. (*Id.* 3:8–16). Plaintiff had the manager of a local Albertsons store served, which, as the Court explained at length in its Order Denying Default Judgment, is not proper service. (*Id.* 2:20–3:16). The Court found that the local manager of an Albertsons in Las Vegas is not someone authorized to accept service on behalf of the Albertsons corporation. (*Id.* 3:8–16). Because Albertsons has not been properly served, the Court does not have jurisdiction to grant default judgment against it. *See Mason v. Genisco Technology Corp.*, 960 F.2d 849, 851 (9th Cir. 1992) (explaining that a "person is not bound by a judgment in a litigation to which he or she has not been made a party by service of process"). Accordingly, the Court DENIES Plaintiff's Motion to Correct Order, Motion to Recuse Presiding Judge and Magistrate Judge, and Motion to Vacate Void Orders.

The Court's Order Denying Default Judgment gave Plaintiff another opportunity to attempt service. It set a deadline of March 5, 2025, for Plaintiff to complete the Form USM-285 and to send the completed form to the United States Marshals Service ("USMS"). It also required Plaintiff to file a notice with the Court identifying whether service had been accomplished within 21 days of getting the Form USM-285 back from the USMS. The Court also extended the deadline for service under Federal Rule of Civil Procedure 4(m) until May 14, 2025.

On April 4, Plaintiff filed a notice, (ECF No. 43), entitled "Summons Returned Unexecuted due to No USM285 Received for Service," which appears to state that Plaintiff did not receive the Form USM-285 that should have been sent to him both according to the Magistrate Judges' Screening Order (ECF No. 9) issued in August 2024 and after the Court's more recent Order (ECF No. 34) Denying Default Judgment[1]. It also appears from Plaintiff's

---

[1] Mail sent to Plaintiff's address was returned undeliverable on August 6, 2024. (ECF No 13).

motions and notices that he did not understand why another service attempt is required. Because it is possible that Plaintiff did not receive the Form USM-285 and may not have understood the procedural requirements required to rectify the deficiency in service, the Court once again *sua sponte* extends the service deadline and grants Plaintiff one more opportunity to properly serve defendant. *See Balistereri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (describing "a duty to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedural requirements"). A failure to meet the service deadlines set below WILL result in dismissal of this case.

In order to properly serve a corporation, Plaintiff can serve that corporation's designated agent for service of process. Fed. R. Civ. P. 4(h). As the Court identified in its previous Order, a corporation's designated agent for service of process in Nevada is available on the Secretary of State's website in the Business Entity Search (https://esos.nv.gov/EntitySearch/OnlineEntitySearch). Once again, because Plaintiff is proceeding *in forma pauperis* (without paying the filing fee), he is entitled to rely on the USMS for service. *See* Fed. R. Civ. P. 4(c)(3).

**CONCLUSION**

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Correct Order, (ECF No. 35), is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Recuse Presiding Judge and Magistrate, (ECF No. 36), is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Non-Party Request for Remote Access, (ECF No. 40), is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Hearing, (ECF No. 44), is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Vacate Void Orders, (ECF No.

46), is **DENIED.**

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send the following to the USMS for service:

- The summons issued to Albertson's Deal & Delivery filed at ECF No. 10.
- A copy of Plaintiff's Second Amended Complaint filed at ECF No. 8.
- A copy of this Order.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send Plaintiff a copy of this Order and a copy of the Form USM-285.

**IT IS FURTHER ORDERED** that Plaintiff shall have until **June 1, 2025,** to complete the Form USM-285 and to send his completed form to the USMS. Plaintiff is advised to review Federal Rule of Civil Procedure 4 regarding service of a complaint on a business (corporate) entity. Plaintiff is further advised to review the Nevada Secretary of State Business Entity Search to locate the name and address of Defendant's registered agents on whom service should occur.

**IT IS FURTHER ORDERED** that, within twenty-one days after receiving a copy of the Form USM-285 back from the USMS showing whether service has been accomplished, Plaintiff must file a notice with the Court identifying whether Defendant was served. **Failure to meet this deadline WILL result in dismissal of this case.**

**IT IS FURTHER ORDERED** that Plaintiff shall have until **July 30, 2025,** to accomplish service. *See* Fed. R. Civ. P. 4(m). **Failure to meet this deadline WILL result in dismissal of this case.**

Dated this   2   day of May, 2025.

_____
Gloria M. Navarro, District Judge
United States District Court