**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

LARRY M. BANKS,

Plaintiff,

vs.

ALBERTSON'S DEAL AND DELIVERY,

Defendant.

Case No.: 2:23-cv-01629-GMN-DJA

**ORDER**

Pending before the Court is Plaintiff Larry M. Banks's Motion for Relief from Judgment, (ECF No. 64).[1] This case arises out of alleged discrimination Plaintiff experienced when shopping at an Albertson's store. The Court previously dismissed this case without prejudice. (*See* Order Dismissing Case, ECF No. 60). The dismissal order followed two extensions of time for Plaintiff to serve Defendant. (*See* Order Denying Default J., ECF No. 34); (Order Denying Mot. Correct, ECF No. 48). Plaintiff's original service deadline was October 7, 2024; the Court *sua sponte* extended the service deadline until June 1, 2025. Plaintiff did not accomplish service by that deadline, despite explanation from the Court on how to accomplish service and a warning that failure to meet the deadline would result in dismissal of the case. (Order Denying Mot. Correct 3:7–8).

Plaintiff moves for relief from the Court's September 25, 2025, Order dismissing this action without prejudice. (Mot. Relief J. at 1, ECF No. 64). Rule 60(b) provides that a court may relieve a party from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with

[1] Also pending before the Court are Plaintiff's Motion for Status Update, (ECF No. 66), and Motion to Expedite Consideration, (ECF No. 67). Because the Court now rules on Plaintiff's Motion for Relief from Judgment, Plaintiff's Motions seeking expedited consideration of the Motion for Relief from Judgment are DENIED as moot.

reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, it is based on an earlier judgment that has been reversed or vacated, or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Rule 60(b)(6) "allows alteration for 'any other reason justifying relief from the judgment.'" *Straw v. Bowen*, 866 F.2d 1167, 1172 (9th Cir. 1989) (quoting Fed. R. Civ. P. 60(b)(6)). A Rule 60(b)(1) motion "must show that the district court committed a specific error." *Id.* Further, to prevail on a Rule 60(b)(6) motion, a "plaintiff must demonstrate 'extraordinary circumstances' to justify relief from judgment." *Id.* (quoting *United States v. Sparks*, 685 F.2d 1128, 1130 (9th Cir. 1982)).

Plaintiff does not argue that the Court erred in dismissing his case. (*See generally* Mot. Relief J.). While he does assert that his failure to timely serve Defendant was due to excusable neglect, he does not supply any information that could support a finding that "extraordinary circumstances" justify relief from judgment. *See Straw*, 866 F.2d at 1172. Without any argument that the Court erred, nor that extraordinary circumstances justify relief from judgment, there is no basis for the Court to grant Plaintiff's Motion for Relief from Judgment.

///

///

///

///

///

///

///

///

///

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Relief from Judgment, (ECF No. 64), is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Status Update, (ECF No. 66), is **DENIED as moot.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Expedite Consideration, (ECF No. 67), is **DENIED at moot.**

Dated this __7__ day of August, 2026.

Gloria M. Navarro, District Judge
United States District Court